IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| JOHN BRAUGHTON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Case No. 06-963-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| BOARD OF PAROLE AND POST-PRISON SUPERVISION, Michael R. Washington, Chairperson, | ) ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Nell Brown
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Page 1 - OPINION AND ORDER

Hardy Myers
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon  97301-4096

    Attorneys for Respondent

KING, Judge:

Petitioner John Braughton brings this action, pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus.  For the reasons set forth below, I deny Braughton's petition.

## FACTS

On December 6, 2001, petitioner pled not guilty to four counts of Sexual Abuse in the First Degree and two counts of Unlawful Sexual Penetration in the First Degree.  He went to trial before a jury.  The jury found him guilty of two counts of Sexual Abuse in the First Degree but found him not guilty of two counts of Sexual Abuse and two counts of Unlawful Sexual Penetration.

On July 17, 2003, the court sentenced petitioner to prison for 16 months on each count, to be served consecutively.  Judgment was entered on August 8, 2003.  The court accepted the district attorney's argument that consecutive sentences were warranted due to "vulnerability [of the victim] and the persistent conduct [of the petitioner]."  Respondents' Exhibits, Ex. 103 at Tr. 193.  In support of his argument, the district attorney proffered the presentence report, as well as an affidavit from a victim whom the petitioner had not had an opportunity to cross-examine.

Petitioner filed a notice of appeal on September 5, 2003. He submitted his Appellant's Brief in October of 2004, relying on the United States Supreme Court decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), which was issued in June of 2004. The sole error he alleged in his appeal is that the trial court imposed a consecutive sentence, rather than the presumptive concurrent sentence, using facts found by the court rather than by a jury. He admitted that he did not preserve the issue for appeal, but argued it constituted an "error [of law] apparent on the face of the record." Respondents' Exhibits, Ex. 104 at 3; <u>see also</u> Or. R. App. P. 5.45(1). He also argued that if it was not plain error, the error involved the violation of his constitutional right to a jury trial, and constituted a "new rule for the conduct of criminal prosecutions" that must be applied retroactively. <u>Id.</u>, Ex. 104 at 4.

The State of Oregon filed a Motion for Summary Affirmance, arguing that the court should summarily affirm the judgment of conviction and sentence based on its decision in <u>State v. Fuerte-Coria</u>, 196 Or. App. 170, 174, 100 P.3d 723 (2004), <u>rev. den.</u> 318 Or. 16 (2005). In that decision, the Court of Appeals faced the question of whether a constitutional violation had occurred when the trial court sentenced a defendant to consecutive sentences based on facts not found by the jury, pursuant to <u>Blakely</u>. The court first observed that the error was not preserved, and then concluded that the alleged error did not meet the criteria warranting review under the plain error exception.

On January 20, 2005, the Court of Appeals granted the State's Motion for Summary Affirmance, noting that petitioner did not oppose the motion. On March 3, 2005, petitioner filed a Petition for Review with the Oregon Supreme Court. On May 24, 2005, the Supreme Court issued an order denying the Petition for Review.

Page 3 - OPINION AND ORDER

On July 11, 2006, petitioner filed this writ of habeas corpus, arguing that his Sixth and Fourteenth Amendment rights had been violated.

## DISCUSSION

A petitioner procedurally defaults his habeas claim if he has failed to comply with a state procedural rule or failed to raise the claim at the state level.  Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

Petitioner admits that he failed to raise the issue in his sentencing hearing.  However, he contends that he has not lost the opportunity to raise the Blakely issue in this petition for habeas corpus because the trial court's error is apparent on the face of the record, and therefore it can be reviewed by this court.  See Ailes v. Portland Meadows, Inc., 312 Or. 376, 381-82, 823 P.2d 956 (1991) (setting forth factors in applying the plain error standard).

State courts are the "ultimate expositors of state law, and [this court is] bound by the state's construction except when it appears that its interpretation is an obvious subterfuge to evade the consideration of a federal issue." Peltier v. Wright, 15 F.3d 860, 862 (9th Cir. 1993); see also Mendez v. Small, 298 F.3d 1154, 1158 (9th Cir. 2002).  The Oregon Court of Appeals accepted the State of Oregon's argument that the error in this case did not meet the plain error standard when it granted the State's Motion for Summary Affirmance.  See also State v. Fuerte-Coria, 196 Or. App. at 174, 100 P.3d 723.  Petitioner has not shown the Oregon Court of Appeals used subterfuge to evade the consideration of a federal issue.

In addition, the United States Supreme Court has repeatedly held that the plain error standard does not apply in evaluating a habeas petitioner's failure to raise an argument before the state court.  Indeed, the Court has noted, "Federal habeas challenges to state convictions . . .

Page 4 - OPINION AND ORDER

entail greater finality problems and special comity concerns.  We remain convinced that the burden of justifying federal habeas relief for state prisoners is 'greater than the showing required to establish plain error on direct appeal.'"  Engle v. Isaac, 456 U.S. 107, 134-35 (1982), quoting Henderson v. Kibbe, 431 U.S. 145, 154 (1977) and United States v. Frady, 456 U.S. 152, 166 (1982).[1]

Accordingly, a petitioner must show both "cause" for failure to raise an issue at trial and "actual prejudice" resulting from the error, or make a colorable showing of actual innocence. Bousley v. United States, 523 U.S. 614, 622 (1998).  Petitioner has not attempted to meet that standard.

Even if petitioner could show both cause and actual prejudice, I note that an Oregon Court of Appeals case precludes his argument.[2]  The Oregon Court of Appeals held that a judge could impose consecutive sentences, based on judicial fact-finding, without violating the Sixth Amendment principles announced in Blakely.  State v. Tanner, 210 Or. App. 70, 86-87, 150 P.3d 31 (2006) (no authority in support of argument that juries decide "when sentences for separate offenses should begin to run"), pet for review held in abeyance (Jun. 19, 2007).  I am persuaded by that coherent and well-articulated decision.

---

[1] Furthermore, I note, as did the Court in Engle, that the Oregon Court of Appeals declined to exercise its discretion to review this claim.  See 456 U.S. 135 n.44 ("Certainly we should not rely upon a state plain-error rule when the State has refused to apply that rule to the very sort of claim at issue.").

[2] As a result, I need not consider petitioner's argument that because Blakely constituted new law, an argument the Oregon Court of Appeals may not have considered in granting the State's Motion for Summary Affirmance, this court may review the merits of the petition.

Page 5 - OPINION AND ORDER

## CONCLUSION

The petition for a writ habeas corpus (#1) is denied and this proceeding is dismissed with prejudice.

IT IS SO ORDERED.

Dated this \_\_\_\_\_15th_____ day of August, 2007.

          /s/ Garr M. King
        Garr M. King
        United States District Judge